IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANK DRAGER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 10-7585 ) |
| vs. | ) ) Judge ) |
| BRIDGEVIEW BANK | ) ) |
| Defendant. | ) Jury Demanded ) |

## COMPLAINT

Plaintiff HANK DRAGER ("Drager"), by his counsel, and for his complaint against Defendant BRIDGEVIEW BANK alleges and states as follows:

## PARTIES

1. Plaintiff Drager is a resident of Illinois and resides in this district.

2. Defendant BRIDGEVIEW BANK is a bank with its branches and offices in this district, and is deemed to reside in this district.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction in the cause pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. and Regulation E, 12 C.F.R. § 205.1 *et seq*.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the transactions at issue occurred in this district, Plaintiff resides in this district, and the transaction giving rise to this cause of action occurred in this district.

1

## STATUTORY AND REGULATORY AUTHORITY

5. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7. Section 15 U.S.C. § 1693b(d)(3)(C) of the EFTA, and section 12 C.F.R. § 205.16(e) of Regulation E, prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## FACTS

8. On November 1, 2010, Plaintiff used the automated teller machine ("ATM") Number 83130180 ("ATM No. 83130180"), located at 4753 N. Broadway Avenue, Chicago, IL 6040, Cook County.

9. On November 1, 2010, Plaintiff was charged $3.00 to withdraw money from ATM No. 83130180.

10. On November 1, 2010, there was no Fee Notice posted on or near ATM 83130180 that disclosed that users would be charged any fee for using ATM No. 83130180.

11. At all time relevant hereto, Defendant owns and maintains ATM No. 83130180 and, therefore, is an ATM operator.

## COUNT I

VIOLATION OF EFTA AND REGULATION E

12. Plaintiff re-alleges and incorporates by reference paragraphs 1-11.

13. Plaintiff brings this Count on behalf of himself and a Class of all persons who were charged a transaction fee for the use of ATM No. 83130180, located at 4753 Broadway St., Chicago, IL 60640.

14. On information and belief, the putative Class consists of hundreds of persons and is so numerous that joinder of all putative Class members, whether otherwise required or permitted, is impracticable. The identity and actual number of putative Class members is in the exclusive control of Defendant.

15. Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

   a. Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers; and

   b. Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

16. Plaintiff's claims are typical of the claims of the putative Class members, including:

   a. Plaintiff and all putative Class members used an ATM operated by Defendant;

   b. Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative Class members; and

   c. Defendant illegally imposed a fee on Plaintiff and all putative Class members for

3

their respective use of ATM No. 83130180.

17. Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

18. Questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

19. This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

20. The size of each putative Class member's actual damages is too small to make individual litigation an economically viable option.

21. Plaintiff anticipates no unusual difficulties in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

22. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

23. Defendant was the operator of ATM No. 83130180 at all times relevant to this action.

24. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative Class members.

25. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant therefore illegally imposed a fee on Plaintiff and all putative Class members for their respective

4

use of ATM No. 83130180.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, requests that this Court enter judgment in his favor and against Defendant BRIDGEVIEW BANK and award the following relief:

A. Actual and statutory damages as set forth in the EFTA and Regulation E;

B. Attorneys' fees and costs of suit; and

C. Such other relief as this Court deems proper.

Respectfully Submitted,

By: /s/Kenneth M. DucDuong
    Kenneth M. DucDuong
    Counsel for Plaintiff

*Counsel for Plaintiff*:

    Kenneth M. DucDuong, Esq.
    ARDC # 6286069 (IL)
    KMD LAW OFFICE
    1055 W. Catalpa Ave. #216
    Chicago, IL 60640
    Tel.: (773) 561-6587
    Fax: (773) 751-5065

## JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.

                                 */s/Kenneth M. DucDuong*
                                 Kenneth M. DucDuong
                                 One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

    Kenneth M. DucDuong, Esq.
    ARDC # 6286069 (IL)
    KMD LAW OFFICE
    1055 W. Catalpa Ave. #216
    Chicago, IL 60640
    Tel.: (773) 561-6587
    Fax: (773) 751-5065

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant(s) takes affirmative steps to preserve the ATM and surrounding area, all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party called in association with any maintenance or upkeep of the ATM in question, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. **Do not alter ATM No. 83130180, or any of the premises, records or other matters related to any ATM located at or near 4753 Broadway St., Chicago, IL 60640.** The ATM's physical properties and records, including the fee notice or lack thereof, will be used by plaintiff as evidence in this lawsuit. This demand shall not narrow the scope of any independent document preservation duties of the defendant. Please contact the undersigned if you wish to discuss.

                                             */s/Kenneth M. DucDuong*
                                             Kenneth M. DucDuong
                                             One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

    Kenneth M. DucDuong
    ARDC# 6286069 (IL)
    KMD LAW OFFICE
    1055 W. Catalpa Ave. #216
    Chicago, IL 60640
    Tel.: (773) 561-6587
    Fax: (773) 751-5065